This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 29,172**

**JASON CHRISTOPHER REID,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

Defendant appeals his conviction entered pursuant to an *Alford* plea to two

counts of criminal sexual contact, asserting that his constitutional right to a speedy

trial was violated. We issued a notice of proposed disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore uphold the conviction.

**DISCUSSION**

"When a speedy trial claim is made, the defendant must make a threshold showing that the length of delay is presumptively prejudicial." *State v. Stock*, 2006-NMCA-140, ¶ 12, 140 N.M. 676, 147 P.3d 885. Once that showing has been made, the burden of persuasion shifts to the State to show, on balance, that the factors from *Barker v. Wingo*, 407 U.S. 514 (1972), do not weigh in favor of dismissal. *Id*.; *State v. Garza*, 2009-NMSC-038, ¶ 21, 146 N.M. 499, 212 P.3d 387. The four factors guiding our inquiry include the following: (1) the length of the delay, (2) the reasons for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Salandre v. State*, 111 N.M. 422, 425, 806 P.2d 562, 565 (1991) (citing *Barker*). In considering each of these factors, we defer to the district court's factual findings but review de novo the question of whether Defendant's constitutional right to a speedy trial was violated. *State v. Brown*, 2003-NMCA-110, ¶ 11, 135 N.M. 356, 76 P.3d 1113.

**Length of Delay**

In this case, relying on the facts in the docketing statement, we proposed to conclude that a delay of around nineteen months in a case of intermediate complexity was a sufficient amount of time to create a presumption of prejudice and trigger analysis of the factors from *Barker*. *See State v. Coffin*, 1999-NMSC-038, ¶ 56, 128 N.M. 192, 991 P.2d 477 (stating that a delay beyond twelve-months in a case of intermediate complexity is presumptively prejudicial and "trigger[s] further inquiry into the claim of a violation of the right to speedy trial"). [CN 2]  According to Defendant's response, the delay in this case appears to be about twenty months from the date of Defendant's arrest on December 30, 2006, to entry of his plea on August 22, 2008. [MIO 6-7]  Although Defendant now attempts to argue that this is a simple case, [id. 7-8] he did not make that argument below in his motion to dismiss [RP 119, 123] and the district court apparently found that the case was of intermediate complexity. [DS 5, MIO 8]  We defer to the district court's determination of the level of complexity this case presented. *See State v. Tortolito*, 1997-NMCA-128, ¶ 7, 124 N.M. 368, 950 P.2d 811.  Accordingly, assuming the delay was twenty months, the delay appears to be presumptively prejudicial in this intermediate case. *Coffin*, 1999-NMSC-038, ¶ 56.

We further note that our Supreme Court recently changed the guidelines for

determining when the length of delay is presumptively prejudicial. *See Garza*, 2009-NMSC-038, ¶¶ 48-50 (changing current guidelines concerning the presumptively prejudicial length of delay in cases of intermediate complexity to fifteen months and applying the new guidelines to speedy trial motions to dismiss initiated after August 13, 2007). Thus, although Defendant argues that the delay of twenty months in this case is excessive, [MIO 8-9] we are not persuaded that the delay was so lengthy that this factor must weigh heavily against the State. Given the new guidelines, we simply conclude that the delay weighs against the State. Because the delay is presumptively prejudicial, we consider it alongside the other three factors in determining whether a violation has occurred. *Id.* ¶ 23.

**Reasons for Delay**

When examining the second *Barker* factor, we allocate the reasons for the delay to each side and determine the weight attributable to each reason. *State v. Plouse*, 2003-NMCA-048, ¶ 45, 133 N.M. 495, 64 P.3d 522. Here, the State argued below that its reason for the delay from Defendant's arrest on December 30, 2006, until the trial setting on April 8-9, 2008, was to complete DNA testing. [RP 131-32] The State argued that during this period of more than fifteen months Defendant did not oppose any of the continuances and extensions of time. [Id.] We continue to agree with the

State that the delay during this time period does not weigh heavily against the State. *See Tortolito*, 1997-NMCA-128, ¶ 9 (finding that the period attributable to DNA testing did not weigh heavily against the State).

From April 8-9, 2008, to the trial setting on August 27-28, 2008, the State requested a delay in order to prepare the child victim to testify by deposition. [RP 132-33] We find that the delay during this time period was attributable to the State.

Defendant maintains that this factor should weigh heavily against the State because Defendant did not contribute to the delay, which was all caused by the State's failure to process the DNA evidence in a timely manner. [MIO 9-10] However, we are not persuaded. As our cases have recognized, specifically in the context of DNA testing, *Barker* distinguished intentional delay from negligent or administrative delay such that a neutral reason such as negligence should be weighed more lightly than a deliberate intent to harm the defense. *See id.*

In addition, Defendant's quotation of *State v. Mascarenas* cuts against him. 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct. App. 1972). [Id. 10] Defendant quotes *Mascarenas* as follows, "[W]here a defendant causes or contributes to the delay, or consents to the delay, he may not complain of a denial of the right." *Id.* (citation omitted). As Defendant acknowledges, Defendant did not oppose the State's requests

for continuances or extensions until April 2008, when Defendant claims he opposed the State's motion for a continuance and petition for an extension. [MIO 10; RP 119, 121-22] Thus, it appears that Defendant may have consented to the delay. One rationale for the sympathetic treatment of pretrial delays for DNA testing is that the evidence is obtained in part for the benefit of the accused because it could be exculpatory. *See See Tortolito*, 1997-NMCA-128, ¶ 12. Here, Defendant repeatedly maintained his innocence. [DS 2-3] Thus, it might appear that Defendant did not object to the delay because he thought the DNA test results might be helpful to his defense. In light of Defendant's failure to object to the continuances and extensions, we are not inclined to weigh the delay caused by DNA testing heavily in Defendant's favor.

**Assertion of Right**

In weighing Defendant's assertions of his right to a speedy trial, we examine "the timing and manner in which [d]efendant asserted his right." *Laney*, 2003-NMCA-144, ¶ 23 (citation omitted). "An early assertion of the speedy trial right indicates the defendant's desire to have the charges resolved rather than gambling that the passage of time will operate to hinder prosecution." *Zurla v. State*, 109 N.M. 640, 644, 789 P.2d 588, 592 (1990).

Defendant's response maintains that Defendant asserted his right to a speedy trial on March 6, 2007, by filing a motion for a speedy trial. [MIO 10] Thus, Defendant claims that he made a timely assertion of the right within three months of his indictment. [Id.] Our calendar notice questioned this assertion. [CN 4-5] We observed that Defendant's motion to dismiss indicates that Defendant first asserted his right to a speedy trial by filing a motion for speedy trial on March 6, 2007; however, the motion also concedes that Defendant withdrew this motion in exchange for his release from custody. [RP 119] Defendant's response fails to explain this discrepancy.

We further note, as discussed above, that Defendant did not object to any of the State's requests for continuances or extensions until April 2008, when Defendant opposed the State's requests for a continuance and an extension. [MIO 10; RP 119, 121-22] Even though the district court reset the trial in April for August 27, 2008, Defendant did not file a motion to dismiss based on a violation of his right to a speedy trial until June 25, 2008. [MIO 3-4] Under these circumstances, Defendant has failed to persuade us that he specifically invoked a ruling on his constitutional right to a speedy trial until he filed his motion to dismiss on June 25, 2008, which was about eighteen months after he was arrested. [RP 119-120] *See Tortolito*, 1997-NMCA-128, ¶ 17 (recognizing that a defendant's late assertion of the right to a speedy trial

7

does not weigh significantly in the defendant's favor). Moreover, even if we assume that Defendant asserted his right early by filing his motion for a speedy trial, Defendant apparently withdrew the motion when he was released so that he could live with his mother in Texas. Thus, it appears that Defendant may have wanted an immediate release from confinement, but was not in a hurry to be tried. While Defendant may not have waived his right to a speedy trial, we remain persuaded that he did not make a frequent and forceful assertion of his right and that his assertion was mitigated by his apparent acquiescence to the delay. *See State v. Maddox*, 2008-NMSC-062, ¶ 31, 145 N.M. 242, 195 P.3d 1254. We therefore hold that this factor does not weigh significantly in Defendant's favor.

**Prejudice to Defendant**

Turning to the last factor, the right to a speedy trial is intended to prevent or minimize three types of prejudice to a defendant: (1) oppressive pretrial incarceration, (2) anxiety and concern, and (3) the possibility of impairment to the defense. *Laney*, 2003-NMCA-144, ¶ 25. "To support a finding of prejudice, the evidence [must show] a nexus between the undue delay in the case and the prejudice claimed." *Id.* (internal quotation marks and citation omitted) (alteration in original). Defendant claimed that he was prejudiced because the delay caused restrictions on his liberty and unnecessary

anxiety. [RP 125-26] However, Defendant was only in custody from December 30, 2006, to May 10, 2007. [RP 79] On May 10, 2007, Defendant was released so that he could be allowed to live with his mother in Texas. [Id.] Thus, Defendant remained free on bond for the majority of time that his case was pending. Yet it was not until June 25, 2008, that Defendant filed his motion to dismiss asserting his right to a speedy trial. [RP 119-20] *Cf. Zurla*, 109 N.M. at 644, 789 P.2d at 592 (recognizing that early and frequent assertions of the right to speedy trial indicate "the probable extent to which the defendant has suffered from the inevitable burdens that fall upon the target of a criminal prosecution"). Under these circumstances, we conclude that Defendant's pre-trial incarceration and subsequent release was not oppressive. We further conclude that Defendant did not support his claim that the delay in the trial caused him any more anxiety beyond what would be expected. [RP 126] Defendant's claim of undue anxiety appears to be little more than a bare assertion, which we accord no weight. In addition, nothing has been suggested to indicate that the defense was impaired. *See Laney*, 2003-NMCA-144, ¶ 29 ("Without evidence that the defense was impaired, we do not find Defendant's pretrial incarceration to be unduly prejudicial."). Thus, we do not hold this factor in Defendant's favor.

**Balancing**

9

In summary, most of the delay in this case was due to DNA analysis being completed and during that time Defendant did not oppose the continuances and extensions requested by the State. Thus, although we attribute the delay to the State, we do not weigh the length of delay significantly in Defendant's favor. We remain persuaded that the remaining factors do not weigh heavily in Defendant's favor. Defendant did not assert his right to a speedy trial until eighteen months into the case, at which time he failed to show any prejudice, particularly to his defense. Accordingly, in balancing the four *Barker* factors, we hold that the delay of twenty months between Defendant's arrest and his plea does not violate Defendant's right to a speedy trial. *See State v. Manes*, 112 N.M. 161, 169, 812 P.2d 1309, 1317 (Ct. App. 1991) (upholding the trial court's determination that no speedy trial violation occurred, even when the first three factors all weighed slightly in the defendant's favor, as a consequence of the defendant's failure to make a compelling showing under the fourth factor).

In response, Defendant contends that this Court errs by acknowledging that the delay in this case is presumptively prejudicial, yet concluding that Defendant's right to a speedy trial has not been violated. [MIO 12] Defendant asserts that this Court is affording too much weight to the fourth factor because the prejudice was minimum.

10

[Id. 13] Defendant also maintains that the State failed to rebut the presumption of prejudice. [Id.] We remind counsel that a finding of presumptive prejudice no longer creates a presumption that the speedy trial right has been violated. *Garza*, 2009-NMSC-038, ¶ 21. Instead, it now functions as a "triggering mechanism" for a consideration of the additional *Barker* factors. *Id*. Furthermore, Defendant's failure to produce evidence of how he suffered actual prejudice greatly reduced the State's burden of persuasion on that issue. *See State v. Urban*, 2004-NMSC-007, ¶ 18, 135 N.M. 279, 87 P.3d 1061. In order for a Defendant to prevail without a showing of prejudice, the remaining *Barker* factors must weigh heavily in his favor, *Garza*, 2009-NMSC-038, ¶¶ 39, 40, and such is not the case here. Although none of the four factors weighs heavily in either side's favor under our analysis, we conclude that the reasons for the State's delay in analyzing the DNA evidence and preparing the child witness to testify, the late or mitigated assertion of Defendant's constitutional right to a speedy trial, and most importantly the lack of any actual impairment of Defendant's ability to make a defense caused by the delay, are sufficient to outweigh the presumption of prejudice that arises from the length of the delay.

**CONCLUSION**

We therefore affirm the district court's conclusion that Defendant's

11

constitutional right to a speedy trial was not violated in this case.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**

12